UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RANDEEP SINGH MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00176-JPH-DLP |
| | ) | |
| CHARLES DANIELS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Randeep Singh Mann filed this *Bivens* action on April 11, 2018, raising claims of failure to protect and retaliation based on an attack he suffered on April 21, 2016. Mr. Mann filed an amended complaint on April 23, 2019.

Now before the Court are Mr. Mann's July 17, 2019, and August 15, 2019, motions to file a second amended complaint. Dkt. 49; dkt. 54. The proposed second amended complaint attached to each motion is identical. The defendants have objected to both motions, arguing that the proposed second amended complaint is futile because it seeks to add untimely claims against previously unnamed defendants. Dkt. 50; dkt. 55. Mr. Mann has not filed a reply. For the reasons below, Mr. Mann's motions for leave to amend are **DENIED**. Dkt. [49]; dkt. [50].

**I. Applicable Law**

"The court should freely give leave [to amend] when justice so requires." *Id.* But when the deadline for amending a pleading has passed, a party must show "good cause" for the late amendment. *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence

of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). No matter the timing, a district court has broad discretion to deny leave to amend where amendment would be futile. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

## II. The Proposed Second Amended Complaint

The proposed second amended complaint names seven defendants who are named in the now-operative amended complaint: (1) Warden Charles Daniels, (2) Lieutenant Tussey, (3) Officer R. Starnes, (4) Officer K. Arnett, (5) Officer J. Hayden, (6) Officer Sherman, and (7) Officer Thomas. The proposed second amended complaint raises failure to protect claims against Warden Daniels, Lieutenant Tussey, Officer Starnes, Officer Arnett, and Officer Hayden, as well as retaliation claims against Officer Sherman and Officer Thomas. These claims are all proceeding in the amended complaint.

The proposed second amended complaint also names four previously unnamed defendants (Officer Collins, Case Manager Jensen, Officer Shipman, and Officer Monnett), plus one defendant who was named in the original complaint but dismissed at screening (Unit Manager Royer). Mr. Mann alleges that Officer Collins failed to protect him during the April 21, 2016 attack and that Unit Manager Royer, Case Manager Jensen, Officer Shipman, and Officer Monnett retaliated against him throughout 2016. *See* (dkt. 54-1 at 9 ("My harassment continued to the very end, when I was in the SHU Dec 2016 pending transfer.")).

## III. Discussion

"The statute of limitations for *Bivens* claims against federal officers is the same as for § 1983 actions against state officers: both periods are borrowed from the state in which the alleged injury occurred." *Cesal v. Moats*, 851 F.3d 714, 721–22 (7th Cir. 2017). In Indiana, personal injury claims must be brought within two years. Ind. Code § 34-11-2-4; *see also Richards v. Mitcheff*,

696 F.3d 635, 637 (7th Cir. 2012). That two years begins to run "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *see also Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (federal law determines when limitations period begins to run).

Mr. Mann's failure to protect claim accrued on April 21, 2016, when he alleges that the defendants failed to intervene during an attack from his cellmate. His retaliation claims accrued, at the latest, in December 2016. He did not move for leave to file the proposed second amended complaint until July 17, 2019, outside the limitations period for these claims. Any claims in the proposed second amended complaint are therefore untimely unless they relate back to the original complaint. *See* Fed. R. Civ. P. 15(c).

Where, as here, an amendment names a new defendant, the amendment relates back only if the defendant "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). "A plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity." *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012).

Mr. Mann's proposed claims do not relate back under Rule 15(c)(1)(C). Indeed, Mr. Mann does not argue for relation back. He instead argues that the other defendants' late initial disclosures in this action prevented him from filing a timely amendment. Dkt. 54. But the defendants' initial disclosures were not due until March 29, 2019, dkt. 22 at 1, after the limitations period had already run. If Mr. Mann had not waited more than 23 months from the alleged attack before filing this

action, he likely would have had time to amend his complaint and add additional defendants. He cannot blame the defendants for his untimely proposed amendment.

Because Mr. Mann's new proposed claims are untimely and do not relate back to any timely complaint, his proposed amendment is futile and his motions for leave to amend, dkt. [49] and dkt. [54], are **DENIED**.

**SO ORDERED.**

Date: 12/20/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RANDEEP SINGH MANN
24775-009
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov